UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILOMENO MEDINA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NEWFOLD DIGITAL, INC., et al., <br><br> Defendants. | Case No. 22-cv-01762-VC <br><br> **ORDER GRANTING MOTIONS TO DISMISS** <br><br> Re: Dkt. No. 19, 30 |

Two "service provider defendants" in this case, Newfold Digital, Inc. and Banco Santander, S.A., have filed motions to dismiss the claims against them. Both motions are granted with leave to amend.

1. Medina's claims against Newfold are far from meeting the plausibility standard necessary to proceed to discovery. To begin, the complaint does not allege any facts explaining how Newfold could be held liable for the actions of its subsidiaries who allegedly provided the services in this case, BlueHost and HostGator. Medina does not respond to this argument in his opposition brief. Accordingly, both claims are dismissed on that basis.[1]

But even if the complaint had alleged a basis for Newfold's liability, the claims would have to be dismissed. The negligence claim is barred by section 230 of the Communications Decency Act because it treats Newfold as the publisher or speaker of the Doe defendants' content. *See* 47 U.S.C. § 230(c)(1). The crux of the claim is that Newfold breached a duty to Medina by not terminating the Doe defendants' web hosting and email services despite knowing

---

[1] Both requests for judicial notice are denied as moot. It was not necessary for the Court to consider the submitted documents to resolve the motion.

of or negligently failing to discover their scheme. But a claim that an interactive computer service provider, like Newfold, "did not do enough to block or remove content . . . necessarily require[s] the court to treat" that entity as a publisher and falls squarely within section 230's protection. *Gonzalez v. Google LLC*, 2 F.4th 871, 891 (9th Cir. 2021). In his opposition brief, Medina attempts to rely on a different theory to avoid this conclusion. *See Doe v. Internet Brands, Inc.*, 824 F.3d 846, 848 (9th Cir. 2016) (holding that the CDA does not bar a claim for negligent failure to warn); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1109 (9th Cir. 2009) (same for promissory estoppel claim). But those theories were not asserted in the complaint. And a party's brief cannot substitute for well-pleaded allegations in the complaint.

The complaint also does not allege a basis for finding that Newfold owes Medina any duty that it breached by failing to act. More to the point, the complaint fails to allege any facts supporting its conclusory statement that Newfold knew about or negligently failed to discover the Doe defendants' criminal conduct. Medina does not respond to this argument in his opposition, except to allege an entirely new theory of liability based on Newfold's supervision of its subsidiaries. But again, what matters is the theory asserted in the complaint, not the arguments contained in a party's brief.

Finally, Medina fails to respond to any of Newfold's arguments for dismissing the declaratory judgment claim. The Court does not understand the basis for the declaratory judgment claim against Newfold, particularly the request for an injunction freezing the Doe defendants' accounts, which, in reality, is a claim for an injunction. The complaint does not allege that Newfold has access to or control over those accounts or that Newfold benefitted from any of the alleged monetary losses Medina suffered. The Court also struggles to understand why it would exercise its discretion to grant declaratory relief in this case when that claim is entirely duplicative of the negligence claim.

The motion to dismiss is granted with leave to amend, although the Court is highly skeptical that Medina can plausibly plead facts establishing a claim against Newfold. If Medina chooses to amend his complaint, he must do so within 21 days. If he does not, his claims against

Newfold will be dismissed with prejudice.

2. The Court lacks personal jurisdiction over Banco Santander. Banco Santander is a Spanish corporation with a principal place of business in Spain. And the sum total of the complaint's allegations against the bank does not implicate California in any way: the plaintiffs allege that they wired money to a Banco Santander account in Mexico controlled by the alleged scammers. According to a declaration filed by the bank's legal counsel, Banco Santander never engaged in banking activity in California and closed its representative office in California and cancelled its California operational license before the wire transfers in this case allegedly took place. On this record, the Court cannot exercise specific or general jurisdiction over the bank.

Medina contends that the Court has jurisdiction over Banco Santander under the RICO statute's nationwide service provision. *See* 18 U.S.C. § 1965(b). But that provision only applies to defendants who are alleged to be part of a multidistrict RICO conspiracy where at least one co-conspirator is subject to jurisdiction in the district. *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Investment, Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). The complaint does not allege that Banco Santander was part of the RICO conspiracy to defraud condo owners. The only claims against the bank are for negligently furthering the conspiracy and declaratory relief. "[M]erely naming" the bank in a complaint with a RICO conspiracy claim does not subject it to personal jurisdiction under the RICO statute. *Id.*

Although the Court is skeptical that Medina can allege additional facts establishing personal jurisdiction over Banco Santander, the motion is granted with leave to amend. Any amended complaint must be filed within 21 days or the dismissal will be with prejudice. If Medina chooses to amend his complaint, he should carefully consider the other arguments the bank raised in its motion in addition to supplementing the jurisdictional allegations.

**IT IS SO ORDERED.**

Dated: July 7, 2022

_____
VINCE CHHABRIA
United States District Judge